**Martin Douglas LANKFORD,
Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–06–00363–CR.

Court of Appeals of Texas,
Waco.

March 26, 2008.

Rehearing Overruled July 1, 2008.

Stan Schwieger, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Martin Lankford was charged by indictment with criminal solicitation of a minor. The jury returned a guilty verdict and assessed ten years probation and a $10,000 fine. In four issues, Lankford challenges the legal and factual sufficiency of the evidence, the jury charge, and the trial court's refusal to unseal the juvenile victim's records. We will affirm.

## Background

On December 13, 2005, C.B. was walking home from school on a cold, rainy day. Lankford saw C.B. walking in the rain and offered him a ride home. When he first got in the car, Lankford greeted him with a handshake that C.B. claims tickled the palm of his hand. Lankford then asked him whether he knew what the "secret" handshake meant, and C.B. responded he did not. C.B. claims that although Lankford asked him if it would be okay if he explained to him what the handshake meant, Lankford never explained the handshake's meaning, but when he parked in front of C.B.'s house, Lankford looked at him and asked if C.B. could "suck my cock."

When C.B. went inside his house, he loaded a .22 rifle, called his stepfather, and asked him to come home immediately. C.B.'s stepfather called the police, and Officer Masiongale came to take C.B.'s state-ment. At that time, C.B. was too upset to write his statement, so he asked his stepfather to write it for him. A "be on the lookout" warning was put out, and Lankford was eventually detained by police and brought in for questioning.

Upon questioning, Lankford admitted to picking up C.B. and giving him a ride home but denied that anything sexual was discussed. He mentioned that he thought C.B. was between the ages of sixteen and nineteen and referred to shaking hands with him several times. Throughout the interview, the police officers made several references to male genitalia, but only Lankford used the word "cock" in a descriptive manner. Before the interview was over, Lankford asked the officers what would happen if he admitted to committing the crime. The police later obtained a warrant and arrested Lankford.

## Sufficiency of the Evidence

Lankford's second and fourth issues challenge the legal and factual sufficiency of the evidence supporting his conviction because he contends that C.B.'s testimony was not corroborated, as required by Texas Penal Code section 15.031(c).[1] Lankford argues that the only evidence adduced at trial to show that he solicited C.B. was C.B.'s testimony. He contends that this evidence was not corroborated by any other evidence, and therefore the evidence was legally insufficient to support his conviction for solicitation of a minor.[2]

### Corroboration Required

As applicable to this case, a person commits the offense of solicitation of a minor

---

1. Section 15.031(c) provides in pertinent part:

   (c) A person may not be convicted under this section on the uncorroborated testimony of the minor allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the ac-tor's intent that the minor act on the solicitation.

   Tex. Pen.Code Ann. § 15.031(c) (Vernon 2005).

2. In assessing the sufficiency of the evidence, we employ a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997).

if, with intent that a sexual assault be committed, the person by any means requests, commands, or attempts to induce a minor or another whom the person believes to be a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would constitute a sexual assault. TEX. PEN.CODE ANN. §§ 15.031(b), 22.011 (Vernon 2005). However, a person may not be convicted of solicitation of a minor on the uncorroborated testimony of the minor allegedly solicited "unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation." TEX. PEN.CODE ANN. § 15.031(c).

The corroboration required under the criminal solicitation statute is analogous to the corroboration requirement found in the accomplice-witness statute. *Compare id.* § 15.031(c), with TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005); *see Richardson v. State,* 700 S.W.2d 591, 594 (Tex. Crim.App.1985). Due to the similarities between these two statutes, the test for evaluating the sufficiency of the corroboration evidence is the same under each. *Richardson,* 700 S.W.2d at 594. In assessing the sufficiency of the evidence corroborating the victim's testimony, the test requires that we eliminate the minor victim's testimony from consideration and then determine whether there is other incriminating evidence tending to connect the accused with the crime. *Id.* It is not necessary that the corroboration evidence directly link the accused with the crime or that it be sufficient in itself to establish guilt. *Id.*

*Legal Sufficiency*

■ When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex.Crim.App. 1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App.2000).

The State contends that the record contains testimony from multiple witnesses, including Lankford, which a reasonable jury could have found corroborated the solicitation itself. Eliminating C.B.'s testimony from consideration, we conclude that the evidence strongly corroborated the solicitation itself and Lankford's intent. It is undisputed that C.B. was picked up and driven home by Lankford. C.B.'s stepfather testified that C.B. called him just after he was dropped off and that C.B. was frantic and wanted him home immediately. When his stepfather arrived, C.B. was standing at the back door with a .22 rifle in his hands. He also testified that C.B. was visibly shaking and stuttering as he spoke. Officer Masiongale also testified that C.B. was upset and nervous when he arrived to take his statement—so nervous that C.B. wanted his stepfather to write it for him. When C.B. made his statement, he used the same terminology later used by Lankford to describe the act of oral sex.

The testimony of Officer Masiongale, C.B's stepfather, and the matching male genitalia description used by both C.B. and Lankford, tends to connect Lankford to the crime. Based on the evidence, any rational trier of fact could have found be-

yond a reasonable doubt that Lankford solicited C.B. *Jackson,* 443 U.S. at 318, 99 S.Ct. 2781. We thus overrule Lankford's second issue.

*Factual Sufficiency*

In a factual sufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly unjust. *Watson v. State,* 204 S.W.3d 404, 414–15 (Tex. Crim.App.2006); *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App.2000). "The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact." *Johnson,* 23 S.W.3d at 7 (quoting *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996)). The appellate court "does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment...." *Id.* (quoting William Powers and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Texas L.Rev. 515, 519 (1991)). The nature of a factual sufficiency review authorizes an appellate court, although to a very limited degree, to act as the so-called "thirteenth juror" to review the factfinder's weighing of the evidence and disagree with the factfinder's determination. *Watson,* 204 S.W.3d at 416–17.

Lankford contends that the evidence was factually insufficient because this case was essentially a "swearing match" between him and C.B., and when the jury is presented with a "swearing match," the testimony of one party is ordinarily insufficient to sustain the burden. *See Fuentez v. State,* 196 S.W.3d 839, 846–47 (Tex.App.-

Eastland 2006, no pet.) (holding that a defendant's testimony alone was insufficient to establish a factual sufficiency challenge). He further claims that the evidence established that he is a twenty-year military veteran who participated in community service and was gainfully employed. He contends that this character evidence should be weighed against C.B.'s character, which established that he was a high school student who had been removed from school for a juvenile marijuana conviction. Additionally Lankford argues that C.B. failed to testify that he was currently serving felony probation for third-degree drug possession and did not initially report, when being interviewed after the incident, that Lankford had shared a "secret" handshake.

The State counters that Lankford's same character witnesses testified that it was "weird for a complete stranger to offer a child a ride" and that despite their belief in Lankford's innocence, they would not let their children ride with him, if he were convicted. The State also argues that the word "cock" was used exclusively by both Lankford and C.B. without any prompting by police.

We must defer to the jury as the finder of fact. *See Johnson,* 23 S.W.3d at 7. Here, the jury was permitted to draw reasonable inferences and deductions from C.B.'s character and failure to initially report the handshake. As we noted earlier, there was sufficient corroborating evidence to support C.B.'s testimony that Lankford solicited him. Combining that with the statements made by Lankford using the identical terminology used by C.B., we conclude that the evidence was factually sufficient to support Lankford's conviction for criminal solicitation of a minor. We overrule Lankford's fourth issue.

## Juvenile Records

In his first issue, Lankford contends that it was error for the trial court to refuse to disclose the juvenile records of C.B. However, the records that Lankford moved to have unsealed were disclosed to all parties during the trial. Moreover, numerous references were made to C.B.'s criminal history throughout the trial. There is thus no adverse ruling for this Court to review.[3] We overrule Lankford's first issue.

## Application Paragraph

In his third issue, Lankford claims that the trial court erred by not including the law on corroboration in the application paragraph.[4] In the abstract portion of the charge the trial judge instructed the jury as follows:

> You are further instructed that a person may not be convicted under this section on the uncorroborated testimony of the minor allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation
>
> You may, however, convict on the uncorroborated testimony of the minor solicited if you find that the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation.

However, the application paragraph of the charge provided:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 13th day of December, 2005, in McLennan County, Texas, the defendant, Martin Douglas Lankford, did then and there, with the intent that sexual assault be committed, request, command, or attempt to induce [C.B.], that under the circumstances surrounding the conduct of the defendant, as the defendant believed them to be, would have constituted sexual assault, then you will find the defendant guilty of the offense of Criminal Solicitation of a Minor, as alleged in the indictment.
>
> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense charged and say by your verdict "not guilty."

Lankford objected at trial, in part, that the application paragraph of the jury charge should have included the following:

> the fact that—under circumstances— would have—and there were at the time circumstances to said solicitation which were strongly corroborative of both the solicitation itself and the defendant's intent that C.B. act on such solicitation.

He essentially argued that the application paragraph should have stated that a defendant cannot be convicted on the testimony of the alleged victim. The State responded that Lankford had misread the statute and a defendant can be convicted on the testimony of the alleged victim, when corroborating circumstances are present; therefore, an instruction on corroboration was unnecessary in the application paragraph.

In *Almanza v. State*, the Court of Criminal Appeals prescribed the manner in which jury charge error is reviewed on

---

3. The trial court's decision to disclose C.B.'s records to Lankford came after evidence that C.B. was on juvenile probation was presented through direct examination.

4. Lankford proposed a special instruction in this regard, but it is not in the record.

appeal. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (opinion on reh'g). First, we must determine whether error exists in the jury charge. *Hutch v. State,* 922 S.W.2d 166, 170 (Tex.Crim.App. 1996). Second, we must determine whether the error caused sufficient harm to require reversal. *Id.* at 170–71. The degree of harm required for reversal depends on whether the complaint was preserved. *Id.* at 171. A complaint properly preserved by an objection to the charge will require reversal "as long as the error is not harmless." *Id.* (citing *Almanza,* 686 S.W.2d at 171).

Several cases have indicated that the better practice is for the trial court to submit an instruction on corroboration in the application paragraph.[5] *See, e.g., Bell v. State,* 768 S.W.2d 790, 799 (Tex.App.-Houston [14th Dist.] 1989, pet. ref'd); *State v. Sheffield,* No. 17,615 (124th Dist. Ct., Gregg County, Tex. Apr. 19, 1990), *aff'd,* 847 S.W.2d 251, 257 (Tex.App.-Tyler 1992, pet. ref'd).

For example, in Sheffield the application paragraph asked:

Therefore, even if you believe from the evidence beyond a reasonable doubt that the defendant, Ben Sheffield, committed the offense as alleged, you may not convict him, unless you further believe from the evidence from the foregoing court's instructions that the testimony of T.M. is corroborated by evidence other than that given by the said T.M. and that the solicitation was made under the circumstances strongly corroborative of both the solicitation itself and the defendant's intent that the said T.M. act on the solicitation, but if you do not so believe, or if you have a reasonable

doubt thereof, you will find the defendant not guilty.

*Sheffield,* 847 S.W.2d at 257.

We assume without deciding that it was error to omit corroboration from the application paragraph. However, we conclude there was no harm.

■ Because Lankford preserved his complaint regarding the charge, we review the error to ascertain whether Lankford suffered "some" actual harm. *Almanza,* 686 S.W.2d at 171. That is, some harm occurred if the error is "calculated to injure the rights of the defendant." *Id.* "The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id.*

The court instructed the jury generally about the corroboration requirement. We have addressed the sufficiency of the evidence corroborating C.B.'s testimony by excluding his testimony from consideration and, examining the remaining testimony, held that there was sufficient incriminating evidence tending to connect Lankford to the commission of the crime. Because we held that the remaining evidence sufficiently corroborated C.B.'s testimony, Lankford has not suffered some actual harm. *Almanza,* 686 S.W.2d at 171. Moreover, when the corroborating evidence is strong enough that any reasonable jury would find it to be true, as is the circumstance in this case, the alleged error is harmless. *Tran v. State,* 870 S.W.2d 654, 658 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). Therefore, we hold that the jury charge, if erroneous because it failed to instruct the jury in the application

5. For jury charge instructions on corroboration generally, *see* ELIZABETH BERRY, GEORGE GALLAGHER & PAUL MCCLUNG, 1 TEXAS CRIMINAL JURY CHARGES § 3.120–3.380 (2007).

paragraph that corroborating circumstances must be present to convict Lankford, was harmless. *Id.* We overrule Lankford's second issue.

## Conclusion

Having overruled Lankford's four issues, we affirm the trial court's judgment.

Chief Justice GRAY concurs with a note as follows: Assuming without deciding that issue three was preserved and likewise that there was charge error, I find, beyond a reasonable doubt, that the alleged error was harmless. With these comments I join only the judgment which affirms Lankford's conviction..