NO. 07-06-0133-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 5, 2007
_____

JAMES ORVILLE SHEPARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,944-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, James Orville Shepard, appeals his conviction for the offense of criminal solicitation of a minor and punishment of 12 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Background

On July 21, 2004, appellant went to the Santa Fe building in Amarillo to register to vote.  While searching for the appropriate office, he encountered a lone female in a hallway

outside of the Juvenile Probation office. Appellant asked the female (S.P.) how old she was. According to S.P., she told appellant that she was 14 years old. However, appellant contends that S.P. told him that she was 17 years old or, at least, that was what he understood her to say. Appellant then asked S.P. if she would like to go into the restroom with him to engage in oral sex. S.P. declined. Appellant then asked S.P. if she was sure, to which S.P. responded "yes."

Amarillo Police Sergeant Gerry Aaron was assigned to investigate this incident. Aaron obtained a photograph of appellant and showed it to S.P. who positively identified appellant as the person that had solicited her. Aaron then located appellant and discussed the incident with him in Aaron's vehicle. Initially, appellant denied any knowledge of the incident, but then admitted that he had been in the Santa Fe building and had solicited a female for oral sex. However, appellant told Aaron that he thought that the female was 17. Subsequently, appellant gave a written statement to Aaron. In this statement, appellant states that he encountered a girl in the Santa Fe building, asked her how old she was, thought she said 17, and asked the girl if she wanted to have oral sex.

Appellant was indicted for solicitation of a minor. Appellant waived trial by jury and the case was submitted to the court. After the close of evidence, both the State and appellant closed without presenting a closing argument. The trial court found appellant guilty. Following a punishment hearing, the trial court sentenced appellant to 12 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a Motion for New Trial, which was overruled by operation of law, and Notice of Appeal.

2

On appeal, appellant's first issue challenges the legal sufficiency of the evidence supporting his conviction because he contends that S.P.'s testimony was not corroborated, as required by Texas Penal Code section 15.031(c). By his second issue, appellant contends that he received ineffective assistance of counsel because his trial counsel failed to argue in closing argument that S.P.'s uncorroborated testimony was insufficient to support appellant's conviction.

## Legal Sufficiency of Corroborating Evidence

Appellant contends that the only evidence adduced at trial to show that appellant knew that S.P. was under 17 years old came from S.P.'s testimony. He contends that this evidence was not corroborated by any other evidence and, therefore, the evidence was legally insufficient to support his conviction for solicitation of a minor.

It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is proved beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp. 2006); TEX. PENAL CODE ANN. § 2.01 (Vernon 2003)[1]. When conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Va., 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); McKinney v. State, 207 S.W.3d 366, 374

---

[1]Further references to sections of the Texas Penal Code will be by reference to "section ___" or "§ ___."

3

(Tex.Crim.App. 2006).  In a jury trial, the jury is the sole judge of the weight and credibility of the evidence.  Clewis v. State, 922 S.W.2d 126, 132 n.10 (citing Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991)).  In a bench trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony.  Kmiec v. State, 91 S.W.3d 820, 822 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence.  See Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

As applicable to this case, a person commits the offense of solicitation of a minor if, with intent that a sexual assault be committed, the person by any means requests, commands, or attempts to induce a minor or another whom the person believes to be a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would constitute a sexual assault. §§ 15.031(b), 22.011.  However, a person may not be convicted of solicitation of a minor on the uncorroborated testimony of the minor allegedly solicited "unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation." § 15.031(c).

Appellant contends that he could not be convicted of solicitation of a minor because there is no evidence to corroborate the testimony of S.P. and, therefore, there is legally insufficient evidence to support his conviction.  The corroboration required under the criminal solicitation statute is analogous to the corroboration requirement found in the accomplice witness statute.  See § 15.031(c); TEX. CODE CRIM. PROC. ANN. art. 38.14

(Vernon 2005); Richardson v. State, 700 S.W.2d 591, 594 (Tex.Crim.App. 1985). Due to the similarities between these two statutes, the test for evaluating the sufficiency of the corroboration evidence is the same under each. See Richardson, 700 S.W.2d at 594. In assessing the sufficiency of the evidence corroborating the victim's testimony, the test requires that we eliminate the minor victim's testimony from consideration and then determine whether there is other incriminating evidence tending to connect the accused with the crime. See id. It is not necessary that the corroboration evidence directly link the accused with the crime or that it be sufficient in itself to establish guilt. Id.

Appellant's contention that there was insufficient corroborative evidence is specific to S.P.'s testimony that she told appellant that she was 14 years old before appellant solicited her to engage in oral sex. However, the plain language of the corroboration requirement contained in the solicitation statute requires that the minor's testimony only be strongly corroborated as to (1) the solicitation itself and (2) the accused's intent that the minor act on the solicitation. See § 15.031(c). In the present case, eliminating S.P.'s testimony from consideration, we conclude that the evidence strongly corroborated the solicitation itself. Appellant provided a written statement to police, that was admitted into evidence at trial, stating that he encountered a girl in the Santa Fe building and that he asked her if she "wanted to go have oral sex." In addition, during cross-examination, appellant was asked if he had asked S.P. to have oral sex with him and he responded that he had. We believe that this evidence is sufficient to corroborate the solicitation itself. Further, during cross-examination, the State asked appellant, ". . . if she [S.P.] had said yes [to the solicitation], you were going to do it in the bathroom of a public building in downtown

5

Amarillo?" Appellant answered, "Yes." We conclude that this testimony is sufficient to corroborate that, at the time of the solicitation, appellant intended that S.P. act on the solicitation. Accordingly, there is no requirement to corroborate S.P.'s testimony regarding her age.

On appeal, appellant challenges the legal sufficiency of the evidence to support his conviction for solicitation of a minor only in regard to the sufficiency of the evidence establishing that appellant believed S.P. to have been a minor. Appellant indicated that he believed S.P. was 17 years old at the time of the offense in his oral and written statements to Sergeant Aaron and in his testimony. However, S.P. testified that she told appellant that she was 14 years old immediately prior to his solicitation of her. Because the testimony regarding whether appellant knew S.P. to be a minor at the time he solicited her was in conflict, it was for the fact finder to assess the weight and credibility to be afforded the evidence. Clewis, 922 S.W.2d at 132 n.10. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found that appellant believed that S.P. was a minor at the time that he solicited her. Jackson, 443 U.S. at 318; McKinney, 207 S.W.3d at 374.

Because there is sufficient evidence in the record to support the court's implied finding that appellant believed S.P. was a minor at the time that he solicited her, we overrule appellant's first issue.

## Ineffective Assistance of Counsel

By his second issue, appellant contends that he was denied effective assistance of counsel because his trial counsel failed to argue that S.P.'s uncorroborated testimony would not support the conviction in closing argument.

In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 687-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). Judicial review of an ineffective assistance of counsel claim must be highly deferential to trial counsel and must avoid using hindsight to evaluate counsel's actions. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 690. The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996) (en banc). The defendant must first prove that counsel's performance was deficient, *i.e.*, that counsel's assistance fell below an objective standard of reasonableness. Id. If appellant has demonstrated deficient assistance of counsel, it is then necessary that appellant affirmatively prove prejudice as a result of the deficient assistance. Id. In proving prejudice, appellant must prove a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Hernandez, 726 S.W.2d at 55. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

Applying these standards to appellant's second issue, appellant's claim that his trial counsel's performance was deficient is premised on counsel's failure to make a closing argument that S.P.'s testimony was not sufficiently corroborated. However, as addressed above, there is sufficient evidence in the record to corroborate S.P.'s testimony. Therefore, we cannot conclude that counsel's representation of appellant was deficient because he failed to make an argument that is not supported by the record. Appellant has failed to meet his burden of proving that counsel's representation fell below the objective standard of reasonableness. As a result, we overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Publish.

8