

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00315-CR

MELVIN DOUGLAS WALDROP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 415th District Court
Parker County, Texas[1]
Trial Court No. CR24-0670, Honorable Graham Quisenberry, Presiding

May 1, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Melvin Douglas Waldrop, appeals from his conviction for the offense of criminal solicitation of a minor[2] and resulting sentence of twenty-five years' incarceration.[3] We affirm the trial court's judgment.

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE § 15.031(b).

[3] The charging indictment alleged that Appellant is a habitual offender who had been previously convicted of two felony offenses. *See* TEX. PENAL CODE § 12.42(d).

BACKGROUND

In April of 2024, Appellant agreed to take his twelve-year-old neighbor, L.F., and L.F.'s twelve-year-old friend, I.B., to the local Family Dollar to purchase snacks. Appellant allowed L.F. to drive to the store. After making their purchases, I.B. asked Appellant if he would let her drive back to L.F.'s house. Appellant told her that she could drive "[i]f you show me your tits." I.B. immediately refused Appellant's request and returned to the Family Dollar where she told Jason Frye, an off-duty firefighter, about the encounter. Law enforcement was contacted and I.B. identified Appellant on security cameras.

A few days later, a Parker County Sheriff's Office Investigator, Joshua Vaughn, went to Appellant's house where he conducted a recorded interview of Appellant. During this interview, Appellant admitted to making "a stupid comment like, well show me your tits." He indicated that he meant the statement as a form of exchange, like "you gotta give me something if you want me to give you something." Appellant also acknowledged that he was aware that I.B. was thirteen years old at the time of the incident.[4]

Appellant was charged by indictment with the offense of criminal solicitation of a minor. After trial, a jury found Appellant guilty as charged. At punishment, Appellant pleaded "true" to a habitual offender enhancement allegation, and the jury recommended a twenty-five-year sentence, which was followed by the trial court. Appellant timely appealed.

By his appeal, Appellant presents three issues. He first contends that the evidence is insufficient to support his conviction. By his second issue, Appellant contends that the

---

[4] The record indicates that I.B. was within days of turning thirteen when the event occurred.

conviction violated the statutory corroboration requirement contained in Texas Penal Code section 15.031. Finally, Appellant contends that the trial court committed fundamental error by failing to properly instruct the jury about the elements of criminal solicitation of a minor and the corroboration requirement.

## EVIDENTIARY SUFFICIENCY

By his first issue, Appellant contends that the evidence is insufficient to support his conviction. Specifically, Appellant argues that the State failed to prove that he solicited "sexual conduct" as statutorily defined. We review Appellant's sufficiency of the evidence challenge under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 318–20, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we must determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. We defer to the jury's determinations regarding the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 901.

A person commits the offense of criminal solicitation of a minor as alleged in the present case

> if, with intent that an offense under [Texas Penal Code] Section . . . 43.25 be committed, the person by any means requests, commands, or attempts to induce a minor or another whom the person believes to be a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would constitute an offense under [Texas Penal Code section 43.25.]

3

TEXAS PENAL CODE § 15.031(b). An offense under section 43.25 is committed "if, knowing the character and content thereof, [a person] employs, authorizes, or induces a child younger than 18 years of age to engage in sexual conduct or a sexual performance." *Id*. § 43.25(b). "Sexual conduct" includes "lewd exhibition of . . . any portion of the female breast below the top of the areola." *Id*. § 43.25(a)(2).

Appellant argues that no evidence proves that he "specifically requested exposure of 'any portion of the female breast below the top of the areola' . . . ." We are mindful that the applicable standard for our sufficiency review is whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. Here, the statute does not require the request to specify that the minor expose any portion of her breast below the top of the areola. Rather, the evidence that Appellant asked I.B. to "show me your tits," when considered in the light most favorable to the verdict, is sufficient to allow the jury to reasonably infer that Appellant's request was that I.B. expose her breasts below the top of the areola.

Further, I.B. testified that she understood Appellant's request to require her to remove both her shirt and her bra in a manner that would completely expose her breasts. Additionally, Investigator Vaughn testified that he understood Appellant's request to encompass exposing the entire naked breast. This evidence would allow the jury to reasonably conclude beyond a reasonable doubt that Appellant's request was that I.B. expose her breasts at or below the top of the areola. We overrule Appellant's first issue.

4

## CORROBORATING EVIDENCE

By his second issue, Appellant contends that his conviction violated the statute's requirement that evidence beyond the testimony of the minor corroborate his commission of the offense. "A person may not be convicted [of criminal solicitation of a minor] on the uncorroborated testimony of the minor allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation." TEX. PENAL CODE § 15.031(c). In assessing the sufficiency of evidence corroborating the minor's testimony, we eliminate the minor's testimony from consideration and then determine whether there is other incriminating evidence tending to connect the accused with the crime. *Lumsden v. State*, 564 S.W.3d 858, 875 (Tex. App.—Fort Worth 2018, pet. ref'd) (citing *Richardson v. State*, 700 S.W.2d 591, 594 (Tex. Crim. App. 1985)). "The tends-to-connect standard presents a low hurdle for the State because the evidence need not directly link the accused with the crime or be sufficient in itself to establish guilt." *Id*. (citing *Brown v. State*, 270 S.W.3d 564, 567 (Tex. Crim. App. 2008)).

In the present case, sufficient evidence was presented tending to connect Appellant to the offense. Particularly, Appellant admitted in a recorded statement that he made the solicitation. We find this evidence strongly corroborates the solicitation itself. Further, Appellant admitted that he made the request as a condition to allowing I.B. to drive his truck. Subsequently, Appellant expressed regret at having made the "stupid" comment. However, had Appellant not intended for I.B. to act on his request, he would have presumably not felt regret for making the request. We conclude that this evidence corroborates that, at the time of the solicitation, Appellant intended I.B. to act on the

5

solicitation.  Thus, we conclude that Appellant's recorded statement is sufficient corroboration of I.B.'s testimony.  *See Shepard v. State*, 244 S.W.3d 421, 424 (Tex. App.—Amarillo 2007, pet. ref'd) (Appellant's statement and testimony is sufficient to corroborate minor's testimony). We overrule Appellant's second issue.

## JURY CHARGE

By his third issue, Appellant contends that the trial court committed fundamental error by failing to properly instruct the jury on the definition of sexual conduct and the corroboration requirement.  A jury-charge-claim analysis involves two steps: first, we determine whether the charge is erroneous. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022).  If it is, then we must decide whether the appellant was harmed by the erroneous charge. *Id*.  There are two standards of review for jury-charge-error claims. *Id*. (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g)). If a defendant timely objects to alleged jury-charge error, the record need only show "some harm" to obtain relief. *Id*.  If there was not a timely objection, the record must show "egregious harm." *Id*.  Harm is assessed "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of [the] probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id*.

Appellant complains that the jury charge failed to "adequately explain" the definition of sexual conduct that was included in the charge.  The charge defined sexual conduct, as applicable to this case, as "Lewd exhibition of any portion of the female breast below the top of the areola."  This definition tracks the language of section 43.25(a)(2) of the Texas Penal Code.  None of the terms used in this definition are specifically defined

by statute.  Consequently, the trial court was not required to define those terms in the jury charge.  *Tovar v. State*, 165 S.W.3d 785, 790 (Tex. App.—San Antonio 2005, no pet.) ("if the phrase or word is not statutorily defined, the trial court is not required to define the word or phrase to the jury").  We also note that Appellant does not identify how the trial court should have instructed the jury.  We find no error in the trial court's jury charge regarding the definition of sexual conduct.

Appellant also contends that the trial court "failed to instruct the jury on the mandatory corroboration requirement under Section 15.031."  The jury charge in this case included the following:

> A person may not be convicted for the offense of criminal solicitation of a minor on the uncorroborated testimony of the minor allegedly solicited unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation.

> Therefore, in this case, unless you find from the evidence beyond a reasonable doubt that the testimony of [I.B.] is corroborated by other evidence in the case, outside of the evidence of the said [I.B.], and that the solicitation itself, if any, was made under circumstances strongly corroborative of both the solicitation itself, if any, and the defendant's intent, if any, that [I.B.] would act on the alleged solicitation, then you will acquit the defendant; or if you have a reasonable doubt as to the existence of either of such matters, then you will find the defendant not guilty.

The first paragraph tracks Texas Penal Code section 15.031(c).  The second paragraph merely applies the law to the facts of the case.  However, we acknowledge that the charge's application paragraph does not specifically reference the corroboration requirement.  *See Davison v. State*, 602 S.W.3d 625, 646 (Tex. App.—Texarkana 2020, pet. ref'd) (application paragraph must identify all conditions of a theory, such as the law

7

of parties, before jury can convict). Because the application paragraph does not identify the corroboration requirement, we conclude that the jury charge was erroneous.

However, we must still assess whether Appellant was harmed by the error. Because Appellant did not preserve his complaint by objecting to the jury charge, we review the error to determine whether Appellant suffered egregious harm. *Alcoser*, 663 S.W.3d at 165. In conducting this analysis, we must consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.* Here, as noted, the jury charge instructs the jury that it must find evidence other than I.B.'s testimony that tends to connect Appellant to the solicitation and his intent that I.B. act on the solicitation. As we have previously determined, the state of the evidence is that I.B.'s testimony is sufficiently corroborated by other evidence tending to connect Appellant to the commission of the crime. *See Lankford v. State*, 255 S.W.3d 275, 280 (Tex. App.—Waco 2008, pet. ref'd) ("when the corroborating evidence is strong enough that any reasonable jury would find it to be true, . . . the alleged error is harmless"). As to the arguments of counsel, we note that Appellant did not raise this issue before the trial court and, on appeal, incorrectly contends that the charge failed to instruct the jury on the corroboration requirement. *See Tran v. State*, 870 S.W.2d 654, 658 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (appellant bears burden of showing actual harm suffered from charging error and reversal not required if he fails to do so). Finally, we have identified no other relevant information revealed by the record and Appellant has not cited any. Therefore, we conclude that Appellant did not suffer egregious harm from the erroneous jury charge.

We overrule Appellant's third issue.

8

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.


Judy C. Parker
Chief Justice


Do not publish.